IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **YOURTRAVELBIZ.COM, INC.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 07-cv-0030-MJR |
| | ) |
| **EXECUTIVE SYSTEMS OF UNITED SUCCESS, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM and ORDER

**REAGAN, District Judge:**

This case comes before the Court on threshold review. The principal purpose of such review is to ascertain that subject matter jurisdiction properly lies. *See, e.g., Wisconsin Knife Works v. National Metal Crafters,* **781 F.2d 1280, 1282 (7th Cir. 1986) ("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.")** As is described below, a significant jurisdictional loose end requires briefing.

On January 11, 2007, Yourtravelbiz.com filed a complaint for declaratory judgment in this Court against Defendant Executive Systems of United Success, LLC. On January 16, 2007, Plaintiff filed its first amended complaint for declaratory judgment. The amended complaint alleges as follows. Plaintiff sells on-line travel agency businesses. On or about October 17, 2006, Plaintiff entered into a written contract with Defendant. Plaintiff states that it fulfilled all of its obligations under the contract and is not in breach thereof. On or about January 2, 2007, Defendant made a written demand on Plaintiff claiming various wrongs, including breach of contract and tortious interference with contractual and business relations. Defendant demanded payment of $4.9 million in damages. Plaintiff seeks a declaratory judgment regarding the respective rights and obligations

of the parties

Plaintiff asserts that this Court has jurisdiction over this action under the federal diversity statute, 28 U.S.C. § 1332. Section 1332 confers original jurisdiction over suits in which the amount in controversy exceeds $75,000, and the action is between citizens of different states. The party invoking federal jurisdiction bears the burden of demonstrating that all jurisdictional requirements have been met. ***Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997).**

Plaintiff alleges that the matter in controversy, Defendant's demand for $4.9 million in damages, far exceeds the jurisdictional minimum of $75,000.00. Thus, the amount-in-controversy requirement has been satisfied. Unfortunately, however, the Court cannot verify that complete diversity exists.

Plaintiff alleges that Defendant is a Georgia limited liability company. The citizenship of a limited liability company is that of *each* of its members. ***See Cosgrove v. Bartolotta, 150 F.3d 729 (7th Cir.1998);** *cf*. **Carden v. Arkoma Associates, 494 U.S. 185 (1990) (all associations other than corporations have the citizenship of each partner or member)**. Plaintiff states that "upon information and belief," none of Defendant's members are residents of Illinois. However, in this Circuit, allegations based upon "information and belief" are insufficient to invoke federal jurisdiction. ***See, e.g., America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)**. The Court cannot ascertain that diversity is complete because neither the complaint nor the amended complaint identifies the citizenship of each of the members of Defendant.

The United States Court of Appeals for the Seventh Circuit has instructed district courts freely to grant leave to amend defective allegations of subject matter jurisdiction, rather than

*sua sponte* dismissing cases for lack of jurisdiction.  See *Leaf v. Supreme Court of Wisconsin*, 979 F.2d 589, 595 (7th Cir. 1992), *cert. denied*, 508 U.S. 941 (1993); *Frey v. E.P.A.*, 270 F.3d 1129, 1131-32 (7th Cir. 2001).  Additionally, unless a jurisdictional defect is clearly incurable, the Seventh Circuit has encouraged district courts freely to grant leave to amend defective allegations of subject matter jurisdiction, rather than *sua sponte* dismissing cases for lack of jurisdiction.  See *Leaf v. Supreme Court of Wisconsin*, 979 F.2d 589, 595 (7th Cir. 1992), *cert. denied*, 508 U.S. 941 (1993); *Frey v. E.P.A.*, 270 F.3d 1129, 1131-32 (7th Cir. 2001).

For these reasons, the Court will require each party to file a jurisdictional memorandum, within twenty (20) days of the date of this Order, clarifying the citizenships of Defendant Executive Systems of United Success, LLC.  Once able to confirm that subject matter jurisdiction lies, the Court will "track" the case.

Accordingly, the Court **DIRECTS** Plaintiff Yourtravelbiz.com and Defendant Executive Systems of United Success, LLC, each to file a Jurisdictional Memorandum, addressing the issues delineated in this Order, on or before **March 28, 2007**.

**IT IS SO ORDERED.**

**DATED this 8th day of March, 2007**

s/Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Judge**